UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLEEN IVA-MARIE TORRES, | No. 2:19-cv-00093-JAM-CKD P |
| Petitioner, | |
| v. | ORDER |
| JANEL ESPINOZA, | |
| Respondent. | |

Petitioner is a state inmate proceeding pro se and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. On March 8, 2022, the court directed respondent to clarify the state of the record concerning a videotape exhibit that was admitted into evidence by the trial court. ECF No. 20. Respondent filed a notice on March 17, 2022 indicating that the videotape was not made a part of the record on direct appeal to the California Court of Appeal. ECF No. 21. On March 24, 2022, petitioner filed a response explaining that her trial and/or appellate attorneys provided ineffective assistance of counsel to the extent that neither requested that the videotape evidence be made a part of the appellate record concerning juror misconduct. ECF No. 23.

Because petitioner is proceeding pro se, the court is required to liberally construe her pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (applying the liberal construction rule to a prisoner's federal habeas

1

application). The court liberally construes petitioner's response as a motion to amend her habeas application to include an ineffective assistance of counsel claim for failing to include the videotape evidence as part of the record on direct appeal. To the extent that any ineffective assistance of counsel claim has not been presented to the state court, it is unexhausted for purposes of federal habeas review. See 28 U.S.C. § 2254(b)(1)(A). Therefore, if petitioner intends to return to state court to properly exhaust any ineffective assistance of counsel claim, she is directed to file a motion to stay these proceedings along with a proposed amended § 2254 petition containing any unexhausted ineffective assistance of counsel claim. Petitioner is provided the relevant legal standards for staying a federal habeas action in the attached Notice to Pro Se Habeas Petitioner Regarding Exhaustion. The court will grant petitioner 30 days to file any motion for a stay and abeyance of these proceedings. In the event that petitioner chooses not to file a motion for a stay within the time provided, the court will deem petitioner's § 2254 application submitted on the current claims and state court record.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's response to the notice concerning the state court record, ECF No. 23, is construed as a motion to amend her § 2254 application to include an ineffective assistance of counsel claim.

2. Within 30 days from the date of this order, petitioner may file a motion for a stay and abeyance in order to return to state court to exhaust any ineffective assistance of counsel claim. Petitioner shall file a proposed amended § 2254 petition containing the unexhausted ineffective assistance of counsel claim to allow the court to properly evaluate her motion for a stay.

3. Petitioner is advised that if no motion for a stay is submitted within the time provided, the court will deem petitioner's § 2254 application submitted on the current claims and state court record.

/////

/////


Dated: April 4, 2022

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/torr0093.m2stay.ddl.docx

**NOTICE TO PRO SE HABEAS PETITIONER REGARDING EXHAUSTION**

Federal law requires any habeas claim to be presented first to the state courts in order to correct any constitutional error. See 28 U.S.C. § 2254(b)(1)(A); see also Rose v. Lundy, 455 U.S. 509, 515-16 (1982)(explaining why federal habeas petitioners must exhaust claim by giving state courts the first opportunity to correct constitutional error); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that exhaustion requires the completion of "one complete round" of state court review).

If you have not yet presented all of your claims to the highest state court, you may request the federal court to place your federal habeas petition on hold while you return to state court(s) in order to fully exhaust your claim(s). This is referred to as a "stay and abeyance." Federal law provides for two very different types of a stay and abeyance. Any motion you file for a stay should specify which type of stay you are seeking.

The first type of a stay is referred to as a "Rhines" stay. See Rhines v. Weber, 544 U.S. 269, 278 (2005). The court may stay a habeas petition containing exhausted and non-exhausted claims if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. Rhines, 544 U.S. at 277-78; see also Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (extending the Rhines stay and abeyance procedure to federal habeas petitions that are wholly unexhausted). You should address all three of these factors if you are requesting a Rhines stay. If the court grants your request for a Rhines stay, the entire federal habeas petition including the unexhausted claim(s) will be put on hold.

The second type of a stay is referred to as a "Kelly" stay. In Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), a stay and abeyance involves the following three-step process: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims; and, (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. This is a more cumbersome procedure than a Rhines stay because it requires you to file multiple amended federal habeas

petitions, but it does not require a petitioner to demonstrate good cause for the failure to exhaust. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009).  However, a Kelly stay runs the risk of preventing review on the merits of any unexhausted claim for relief due to the one year statute of limitations governing federal habeas claims.  See King, 564 F.3d at 1140-41 (emphasizing that a "petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them **only** if those claims are determined to be timely.  Demonstrating timeliness will often be problematic under the now-applicable legal principles.") (emphasis added); see also 28 U.S.C. § 2244(d)(1)(stating that a one year period of limitation shall apply to all federal habeas petitions challenging a state court judgment).