UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLEEN IVA-MARIE TORRES,<br><br>Petitioner,<br><br>v.<br><br>JANEL ESPINOZA,<br><br>Respondent. | No. 2:19-cv-00093-DAD-CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state inmate proceeding through appointed counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. Currently pending before the court is petitioner's motion for leave to file a first amended § 2254 petition and to stay federal court proceedings. ECF No. 38. Petitioner filed a proposed first amended petition containing four exhausted claims for relief and two unexhausted ineffective assistance of counsel claims, rendering it a mixed § 2254 petition. See ECF No. 39. Respondent has filed a statement of non-opposition to petitioner's motion. ECF No. 40. For the reasons explained herein, the undersigned recommends granting petitioner's motion.

## I. Factual and Procedural History

Following a jury trial in the San Joaquin County Superior Court, petitioner was convicted of second-degree murder, gross vehicular manslaughter while intoxicated, and driving under the influence of alcohol or drugs causing injury. See ECF No. 39 at 2. On November 9, 2015, she

was sentenced to serve 45 years to life. ECF No. 39 at 2. Petitioner's consumption of alcohol occurred at the Graduate restaurant where she worked. See ECF No. 18-1 at 2 (direct appeal opinion).

> On the day after the verdict was rendered, defense counsel learned that Juror No. 4 had visited the Graduate restaurant five days earlier. Counsel obtained the Graduate's surveillance tape from that day, which showed Juror No. 4 taking photographs of the restaurant's interior and attempting to flag down the bartender, a witness who had testified at trial. Defendant subsequently moved for a new trial based on Juror No. 4's visit to the Graduate and attempts to speak to the bartender. The surveillance video depicting Juror No. 4's behavior was introduced into evidence in support of the motion, as well as affidavits from the bartender and her mother, who were at the Graduate when Juror No. 4 visited. The motion additionally stated that in an interview with defense counsel, Juror No. 4 admitted going to the Graduate. No other statement from Juror No. 4 was presented.
>
> The trial court denied the motion, finding Juror No. 4 committed misconduct but the misconduct was not prejudicial.

ECF No. 18-1 at 4.

Likewise, on direct appeal, the California Court of Appeal denied relief on petitioner's juror misconduct claim by concluding that while Juror No. 4's actions constituted misconduct, petitioner was not entitled to relief because they were not prejudicial. ECF No. 18-1 at 5. The California Supreme Court denied the petition for review on October 11, 2018. ECF No. 39 at 3.

Upon review of the state lodged documents in this case, the court directed respondent to determine whether the video surveillance footage dated March 13, 2015 from the Graduate restaurant was transmitted to the California Court of Appeal. ECF No. 20. Respondent's notice regarding the state direct appeal record indicates that the trial court's exhibit was not transmitted along with the Clerk's and Reporter's transcripts. ECF No. 21.

Petitioner, through appointed counsel, has filed a motion to amend along with a motion for a stay and abeyance in order to properly exhaust an ineffective assistance of counsel claim based on the failure to transmit a copy of the video evidence of Juror No. 4's misconduct to the California Court of Appeal.[1] See ECF Nos. 38-39.

---

[1] To date, counsel for petitioner has determined that the video evidence was stored on a flash drive. See ECF Nos. 36 at 1 (indicating for the first time that the video evidence is contained on a

2

## II. Motion for Leave to Amend

As indicated in petitioner's motion, Rule 15(a)(2) of the Federal Rules of Civil Procedure governs petitioner's ability to amend her habeas petition after service of a responsive pleading. ECF No. 38 at 4. Amendment shall be freely granted by the court "when justice so requires." Fed. R. Civ. P. 15(a)(2). In this case, the undersigned finds that granting petitioner leave to amend is appropriate since she was unaware that her trial/appellate counsel did not transmit a copy of the flash drive containing the video evidence supporting her juror misconduct claim to the California Court of Appeal. See ECF No. 23 at 1 (Petitioner's Reply to Respondent's Notice Re: State Direct Appeal Record). Upon learning of this gap in the state appellate record, petitioner was diligent in asserting the ineffective assistance of counsel claims that are presented in the first amended § 2254 petition. Thus, on this record, the undersigned concludes that leave to amend should be granted.

## III. Motion for a Stay

The court may stay a mixed habeas petition if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. Rhines, 544 U.S. at 277-78. Upon review of petitioner's motion, the undersigned finds that petitioner has met all three requirements to be entitled to a Rhines stay of these proceedings while she exhausts her ineffective assistance of counsel claims in state court. See ECF No. 38 at 5-11.

Accordingly, IT IS HEREBY ORDERED that counsel for petitioner is appointed for the duration of the proceedings before this court in the interests of justice. See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

IT IS FURTHER RECOMMENDED that:

1. Petitioner's motion for leave to file a first amended § 2254 petition (ECF No. 38) be granted rendering the first amended § 2254 petition (ECF No. 39) the operative pleading before the court.

---

flash drive); 38-1 at 2 (counsel's request for a copy of the flash drive from state appellate counsel who is now deceased).

2. Petitioner's motion for a stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005), be granted.

3. The Clerk of Court be directed to administratively stay these proceedings pending the exhaustion of state court remedies.

4. Petitioner's counsel be directed to file a Notice of Exhaustion within 30 days of the completion of state habeas corpus proceedings.

5. This matter be referred to the magistrate judge for entry of a briefing schedule on petitioner's first amended § 2254 application following the exhaustion of state court remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 3, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/torr0093.f&r.amd+stay.docx